### H. H. LIPPELMAN v. CITY OF CINCINNATI.

DELEGATION TO ENGINEER OF POWER TO FIX GRADE.

An ordinance which fixes the grade of the upper curb of a hillside street, and provided that the lower curb should be as near like it as practicable, leaves the lower curb to the judgment of the engineers, and they establish the grade instead of the council. A lower proprietor against whose house a fill will be made is entitled to an injunction.

ERROR to the Court of Common Pleas of Hamilton county.

In this case the common council of Cincinnati passed an ordinance fixing the grade of the north curb of Atkinson street extending east and west between Clifton avenue and Moerlein avenue, at 1.64 in 100 feet, and provided in said ordinance that the grade of the south curb should be "as near like that of the north curb as practicable." The intersecting streets, Clifton avenue and Moerlein avenue, ascend a hillside at a steep grade. In making the street improvement the engineer fixed the level of the south curb the same as that of the north curb except at the approaches to the intersecting streets, where, in order to conform to the sloping grades of those streets, the grade of the south curb was made to vary from that of the north curb. The plaintiff complained that in consequence of the action of the engineer a heavy fill would be made against a brick house which he had built fronting on Clifton avenue with its side extending back 90 feet along the south side of Atkinson street.

SWING, J.

We think that a decree should be entered in this case as prayed for in the petition, for the reason that in our judgment the city council has not established a grade for the south side of Atkinson street as required by law. We do not believe that any grade has been established for the south curb, when council say, "And that the grade of the south curb shall be as nearly the same as practicable," if the grade is left to be determined by engineers. It has not been done by council. If nothing is left to the judgment of engineers, then the grade should be the same as the north curb line; and, in either event, the plaintiff is entitled to an injunction, because the line as made is one made by the engineers, which, according to their judgment, is the best one that can be made, and is not "as near as practicable" to the north line—in other words, they construe the word "practicable" not as near like the north curb as can be made, but as near the north curb line as would be best suited for a good street. This, in effect, leaves the matter to the engineers, and they really establish the grade instead of council. In our judgment, as said before, no grade, such as is required by law, has been established for the south curb line.

Decree for plaintiff.

Horstman, Hadden, Galvin & Van Horn, City Solicitors and A. A. Ferris, for defendants in error.

I. J. Miller, for plaintiff in error.